**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN K. RICHARDSON ) | |
| ) | |
|     **Plaintiff** ) | |
| ) | C.A.No. 08-1283 Pittsburgh |
| vs. ) | |
| ) | District Judge McLaughlin |
| DONALD WILLIAMSON, et al, ) | |
| ) | Magistrate Judge Baxter |
|     **Defendants** ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I     RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendants Williamson, Brooks, Giroux, Harlow, and Clark [Document # 23] be granted. The Clerk of Courts should be directed to terminate these Defendants from the docket.

It is further recommended that the remainder of this action be dismissed due to Plaintiff's failure to prosecute. The Clerk of Court should be directed to mark this case closed.

**II     REPORT**

    **A.     Relevant Procedural History**

Plaintiff, a state prisoner[1], brought this civil rights action pursuant to 42 U.S.C. § 1983. Originally named as Defendants were: Donald Williamson, Chief of Transfers and Records for the Department of Corrections; Marilyn Brooks, Former Superintendent of SCI - Albion; Nancy

---

[1] The docket reflects that Plaintiff is currently incarcerated at the SCI-Frackville. However, Defendants have indicated that Plaintiff has been released from custody. Plaintiff is under a continuing obligation to update this Court with his current address. Plaintiff will be noticed of this Recommendation at both the address listed on the docket and at Post Office Box 7267, in Lancaster, Pennsylvania 17604-7267, per the suggestion of Defendants.

1

Giroux, Deputy Superintendent at SCI Albion; Michael Harlow, Deputy Superintendent at SCI Albion; Michaels Clark, Corrections Classification and Program Manager; Unit Manager Lantz; Correctional Officer Fullum; Correctional Officer Severo; Correctional Officer Maloney; Correctional Officer Unknown LNUI; Correctional Officer Unknown LNUII; Correctional Officer FNU Mitchell, all of SCI Albion; and John Doe, employee of dental laboratory under contract with SCI Albion. As relief, Plaintiff seeks monetary damages.

The docket reflects that Plaintiff has only accomplished service of his complaint on five of the named Defendants. Presently pending before this Court is the motion to dismiss filed by these Defendants (Williamson, Brooks, Giroux, Harlow and Clark). Document # 23. Despite being given the opportunity to do so, Plaintiff has not filed an opposition to the pending dispositive motion.

### B. The Allegations of Plaintiff's Complaint

In his complaint, Plaintiff sets forth the following claims:

1) an Eighth Amendment claim against Fullum, Severo, Maloney, **Brooks, Giroux, Harlow, and Clark** based on Plaintiff's confinement in RHU from September 14-26, 2006;

2) a Fifth Amendment due process claim against Defendant Mitchell, and the unnamed FNUs based on an allegation that they discarded some unidentified items of Plaintiff's personal property when he was placed in RHU on September 13, 2006;

3) an Eighth Amendment claim against Defendant Lantz based on Plaintiff's confinement in RHU from November 7 through December 11, 2007;

4) an Eighth Amendment claim against Defendant **Williamson** based on Plaintiff's transfer from SCI Albion to SCI Mahanoy on December 11, 2007;

5) a due process claim that some of Plaintiff's property was lost when he was placed in the RHU on November 7, 2007, and/or when he was transferred to SCI Mahoney;

6) a claim against John Doe regarding Plaintiff's dental treatment; and

7) an Eighth Amendment claim (not specifically directed against anyone) based upon contaminated water which resulted in several days of diarrhea (at some time during 2007).

Document # 3. Only the first and fourth of these claims are advanced against Defendants who have been served with the complaint.

### C. Standards of Review
#### 1. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2. Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 95 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim

to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

      The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 556, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. Aug. 245, 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

      In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at 556 n.3.

      Recently, the Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:

> To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible. This then allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.

* * *

> After *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to show such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief. This plausibility requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d. 203, 210-11(3d Cir. 2009).

### D.   Deliberate indifference under the Eighth Amendment

Plaintiff specifically alleges that the conduct of Defendants Williamson, Brooks, Giroux, Harlow and Clark violated his Eighth Amendment rights.[2]

Under the Eighth Amendment, prisoners are protected from cruel and unusual punishment. Farmer v. Brennan, 511 U.S. 825 (1994). But, "not all deficiencies and inadequacies in prison conditions amount to a violation of an inmate's constitutional rights." Booth v. King, 228 Fed.Appx. 167, 171 (3d Cir. 2007). Cruel and unusual punishment will only be found "where, viewing the totality of the conditions in the prison, the inmate's conditions of confinement, alone or in combination, deprive him of the minimal civilized measure of life's necessities." Id. quoting Tillery v. Owens, 907 F.2d 418, 426-27 (3d Cir.1990). Liability under 42 U.S.C. § 1983 requires "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986). Only "unnecessary and wanton infliction

---

[2]  Because Plaintiff is a *pro se* litigant, this Court will conduct an analysis under both the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment, as the Due Process Clause is more appropriate to the facts alleged by Plaintiff. Cf. Ordonez v. Yost, 289 Fed.Appx. 553, 555 (3d Cir. 2008) citing Graham v. Connor, 490 U.S. 386, 395 (1989) (Where a due process claim is identical to an Eighth Amendment claim, the plaintiff must "bring the claim pursuant to the more explicit constitutional amendment.").

of pain" or "deliberate indifference to the serious medical needs" of prisoners is sufficiently egregious to rise to the level of a constitutional violation. White v. Napoleon, 897 F.2d at 108-09 quoting Estelle v. Gamble, 429 U.S. 97 (1976).

In the non-medical context, the Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-527 (1984). To make out an Eighth Amendment claim based on prison conditions, the plaintiff must show "he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834 (1994)  An objectively, sufficiently serious injury is one that denies the inmate "the minimal civilized measure of life's necessities," such as food, water, shelter. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 419 (3d Cir. 2000).

As to the first requirement, "prison conditions violate the Eighth Amendment if they result in the 'unnecessary and wanton infliction of pain,' are 'grossly disproportionate to the severity of the crime warranting imprisonment,' or result in an 'unquestioned and serious deprivation of basic human needs.'" Robinson v. Carr, 99 F.3d 1150 (Table)(10th Cir.1991) quoting Rhodes, 452 U.S. at 346-47.  As to the second requirement, deliberate indifference is a difficult standard to meet: 1) a prison official must know of and disregard an excessive risk to inmate health or safety; 2) the official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and 3) the official must also draw the inference. Farmer, 511 U.S. at 837.

Here, Plaintiff alleges that he spent September 14-26th of 2006 in the Restricted Housing Unit and that he was later transferred from SCI-Albion to SCI-Mahanoy.  Plaintiff's allegations are not sufficient to state an Eighth Amendment violation as the conditions alleged fall short of demonstrating cruel and unusual punishment because there is no demonstration that they "inflict unnecessary or wanton pain" or are "grossly disproportionate to the severity of crimes

warranting imprisonment," under the objective standard.  Rhodes, 452 U.S. at 348-50.  Thus, the facts alleged here do not constitute cruel and unusual punishment because they do not adequately allege that basic human needs were left unsatisfied.  Tillman, 221 F.3d at 419 (prisoner was not subject to cruel and unusual punishment because he was never denied room, food, or other necessities).

Accordingly, the motion to dismiss should be granted in this regard and the Eighth Amendment claims against Defendants Brooks, Giroux, Harlow, Clark and Williamson should be dismissed.

### E.    Due Process under the Fourteenth Amendment

Although Plaintiff has not specifically raised due process violations, his factual allegations will be analyzed under the rubric of due process.

"Due process" is guaranteed through the Fourteenth Amendment of the United States Constitution which provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV.  The Due Process Clause was promulgated to secure the individual from the arbitrary exercise of the powers of government.  The "procedural" aspect of the Due Process Clause requires the government to follow appropriate procedures to promote fairness in governmental decisions; while the "substantive" aspect of the Clause bars certain government actions regardless of the fairness of the procedures used to implement them so as to prevent governmental power from being used for purposes of oppression.  Daniels v. Williams, 474 U.S. 327, 329-33 (1986).

 In analyzing a due process claim in the context of the claim presented here, the first step is to determine whether the nature of the interest is one within the contemplation of the liberty language of the Fourteenth Amendment. See Fuentes v. Shevin, 407 U.S. 67 (1972).  A protected liberty interest may arise from the Constitution itself or from state-created statutory entitlement.  Hewitt v. Helms, 459 U.S. 460, 466 (1983); Board of Regents v. Roth, 408 U.S. 564 (1972).

In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court announced a new rule for

7

determining whether prison conditions deprive a prisoner of a liberty interest that is protected by the due process guarantees. The Court concluded that such a liberty interest arises whenever the deprivation suffered by the prisoner imposes an "*atypical and significant hardship* on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484 (italics added). Applying this test, the Supreme Court concluded that the prisoner at issue in Sandin did not have a protected liberty interest in remaining free of disciplinary detention or segregation "because his thirty-day detention, although punitive, 'did not exceed similar, but totally discretionary confinement in either duration or degree of restriction.'" Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000) quoting Sandin, 515 U.S. at 486. See also Wilkinson v. Austin, 545 U.S. 209, 223 (2005) ("After *Sandin*, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is [ ...] the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'").

Neither a short period of time spent in the RHU nor the transfer to another prison rise to the level of a due process violation. See Mackey v. Smith, 249 Fed.Appx. 953 (3d Cir. 2007) (holding no liberty interest arises for prisoner placed in restricted housing); Thomas v. Rosemeyer, 199 Fed.Appx. 195 (3d Cir. 2006) (state inmate had no liberty interest in being confined at any particular prison, and inmate's right to procedural due process was not violated when he was transferred to another prison and placed in restricted housing unit).

Plaintiff has failed to state a due process claim under the Fourteenth Amendment.

### F.     Failure to Prosecute

The remainder of this action should be dismissed due to Plaintiff's failure to prosecute this action.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of

8

dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter in September of 2008, Plaintiff has not taken the necessary first step of accomplishing service of the complaint on all named Defendants. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

This case should be dismissed against the unserved Defendants.

**III    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that that the motion to dismiss filed by Defendants Williamson, Brooks, Giroux, Harlow, and Clark [Document # 23] be granted. The Clerk of Courts should be directed to terminate these Defendants from the docket.

It is further recommended that the remainder of this action be dismissed due to Plaintiff's failure to prosecute. The Clerk of Court should be directed to mark this case closed.

In accordance with Fed.R.Civ.P. 72, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. No extensions of time will be granted. Failure to file timely objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: February 15, 2010